CAROLINE MCKELLAR,
By RODNEY I. THOMPSON, her Guardian ad litem,
Appellant from Decree of Judge of Probate.

Knox.    Opinion March 8, 1919.

*Rule of practice in regard to probate appeals.*

This case is before the Law Court on exceptions to a ruling of the presiding Justice dismissing an appeal from a decree of the Judge of Probate of Knox County.

The will and codicil were allowed by the Judge of Probate, July 7th 1915. From the decree allowing the same, appeal was taken and was by this court dismissed.

The appellant states in the appeal and reasons for appeal "that the codicil should have been declared null and void for the reason that the testator at the time of making said codicil was of unsound mind and incapable of making a codicil to said will."

*Held:*

1. . This contention was disposed of by the decree of the Judge of Probate, July 7, 1915, and there is no provision of the statutes authorizing a reopening of the question by the method here adopted by the appellant.

2. The ruling of the presiding Justice was in harmony with the law governing probate proceedings in this State.

Exceptions to ruling of presiding Justice dismissing appeal from a decree of the Judge of Probate.    Exceptions overruled.

Case stated in opinion.

*J. H. Montgomery, and R. I. Thompson,* for appellant.

*A. S. Littlefield,* for appellee.

SITTING:  CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, JJ.

HANSON, J.    This case is before the Law Court on exceptions to a ruling of the presiding Justice dismissing an appeal from a decree of the Judge of Probate of Knox County.   The appeal and reason for appeal follow:

"To the Honorable, the Judge of the Probate Court in and for the County of Knox:

Respectfully represents Caroline McKellar of Rockland, Knox Co. Me. by Rodney I. Thompson her guardian ad litem duly appointed by this Court that she  .  .  .   interested as legatee under the will of Eliza J. Willoughby late of Rockland in said County of Knox, deceased, of which said Court has now jurisdiction that she  is aggrieved by your Honor's decree made at a Probate Court held at Rockland, in and for said County of Knox, on the twentieth day of November, A. D. 1917, whereby her petition to have the codicil to said will of said Eliza J. Willoughby declared null and void was denied and hereby appeals therefrom to the Supreme Judicial Court, being the Supreme Court of Probate to be held at Rockland, within and for the County of Knox, on the second Tuesday of January, A. D. 1918 and alleges the following reasons of appeal, viz:

Because she says that her said petition should have been allowed and the prayer therein granted, and said codicil should have been declared null and void for the reason that said Eliza J. Willoughby at the time of making said codicil was of unsound mind and was then and there incapable of making a codicil to said will and was incapable of an understanding necessary for such purpose.

Dated this first day of December, A. D. 1917.

CAROLINE MCKELLAR,
By RODNEY I. THOMPSON,
her guardian ad litem."

At the April term, 1918, of the Supreme Judicial Court for Knox County, the executors and residuary legatee filed their motion to dismiss the appeal, upon the ground that neither this court nor the Probate Court in which these proceedings originated have any jurisdiction to entertain the same, or any jurisdiction or authority under the allegations in the petition, to revise or modify the decree allowing the will or codicil.

The appellant contends (1) that the motion contains matters dehors the record and should for that reason have been overruled; (2) that in making his ruling, the presiding Justice assumed as matter of fact certain allegations in the motion to dismiss, that these should have been the subject of a hearing, and that he was denied the right to be heard.

The will and codicil were allowed by the Judge of Probate July 7th, 1915. From the decree allowing the same, appeal was taken and was by this court dismissed.

The appellant states in the appeal and reasons for appeal that "the codicil should have been declared null and void for the reason that the testator at the time of making said codicil was of unsound mind and incapable of making a codicil to said will." This contention was disposed of by the decree of the Judge of Probate July 7, 1915, and there is no provision of the statutes authorizing a reopening of the question by the method here adopted by the appellant.

The presiding Justice in his ruling used the following language:

"There is now among the papers in the case the paper introduced by the appellant entitled Appeal and Reasons of Appeal. The appellant says she is aggrieved by a decree made by the probate court held at Rockland in and for the County of Knox on the 20th day of November, A. D. 1917, whereby 'her petition to have the codicil of said will of said Eliza Willoughby declared null and void was denied.' That is not a petition to vacate a decree. A decree was on the records of the probate court allowing the codicil of the last will and testament of Eliza J. Willoughby, —I say there was a record of a decree. Now it does not appear that the petitioner filed a petition in the probate court to have that decree set aside, but it apparently was a petition to have the codicil declared null and void. Such a decree could not be made in the face of an existing decree. The only way the earlier decree can be disposed of is by reopening or else by annulment before such decree could be made as set forth here. So

that upon the face of the papers as I view the situation,—upon the face of the papers, the petition, and not for reasons set forth in the motion referred to, but upon the face of the papers, it does not seem to me that the appeal is properly before the court; and I must rule that the appeal be dismissed."

As has been seen, the only question involved in the reasons of appeal,—the testamentary capacity of Eliza J. Willoughby, had been adjudicated, and cannot be reopened by this proceeding.

The ruling of the presiding Justice was in harmony with the law governing probate proceedings in this State.

*Exceptions overruled.*